IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE ROBINSON, N52712, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   Case No. 23-cv-2660-RJD ) |
| WEXFORD HEALTH CARE, JUANITA HARRIS, ALLYSON FISCUS, L. LIVINGSTON, C. ANDREWS, | ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff George Robinson, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Pinckneyville Correctional Center (Pinckneyville), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Lawrence Correctional Center (Lawrence).  Plaintiff alleges that on September 26, 2019, Defendant Harris gave him the wrong prescription medication, and Harris and the remaining defendants provided an inadequate response to the situation.  Plaintiff acknowledges that he filed a previous lawsuit about this issue, *Robinson v. Harris, et al.*, 21-cv-344-MAB, which was dismissed in June of 2023 for failure to exhaust administrative remedies.

Plaintiff's Complaint (Doc. 1) is now before the Court[1] for preliminary review pursuant to 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to screen prisoner complaints to

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections and Wexford and this Court.

filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff alleges that on September 26, 2019, during medication rounds Defendant Harris gave him someone else's nerve medication instead of his Tramadol. (Doc. 1 at 10). Harris realized the mistake and had another nurse check his vitals, but she failed to provide any other type of monitoring and she did not document the incident. Defendant Fiscus checked Plaintiff's vitals after the incident, but she failed to recommend an observation period for side effects, she provided no other treatment, and she did not document the incident. Plaintiff alleges that Wexford Healthcare is Harris and Fiscus's employer, and that Wexford failed to train them on what to do if they administer an improper medication. He alleges the lack of training subjected him to an atypical situation.

Plaintiff alleges that Defendant C. Andrews failed to follow § 504.830(e) of the Illinois Administrative Code when processing two of his grievances about the incident. He alleges the failure prevented him from properly exhausting these grievances. He also alleges that Defendant L. Livingston provided a misleading response to a grievance when she indicated that he was seen by healthcare staff on October 1, 2019. He claims this resulted in his grievance improperly being denied as moot.

Plaintiff argues that he should be allowed to proceed on this complaint because his prior lawsuit about this topic was dismissed in part for naming the wrong defendants, he has added a new claim, and equitable tolling of the statute of limitations should be considered. (Doc. 1 at 9).

Based on the allegations in the Complaint, the Court will designate the following claims:

**Count 1:** **Eighth Amendment deliberate indifference claim against Defendants Harris and Fiscus for their response after Plaintiff was administered the wrong medication;**

**Count 2:** ***Monell* claim against Wexford for failing to train Harris and Fiscus about what to do in the event of a mis-administration of medication;**

**Count 3:** **Eighth Amendment claim against L. Livingston or C. Andrews for their roles in processing Plaintiff's grievances about the medication issue.**

The parties and the Court will use this designation in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## ANALYSIS

Plaintiff's allegations against Fiscus and Harris appear identical to those presented in his prior case, *Robinson v. Harris, et al.*, 21-cv-344-MAB. Plaintiff alleges that his prior case was dismissed in part for naming the wrong defendants, and in part for failure to exhaust administrative remedies. The Court reviewed the publicly available docket sheet, which included an order on the exhaustion of administrative remedies. On June 26, 2023, Plaintiff's Eighth Amendment claim against Harris and Fiscus was dismissed without prejudice for failure to exhaust administrative

remedies. *Robinson v. Harris, et al.*, 21-cv-344-MAB (Docket entry 46, June 26, 2023, Order). Plaintiff does not indicate that anything has changed about his claim against these parties from the time of that ruling until he filed the present complaint on August 1, 2023.

On an unchanged record, Plaintiff's re-presentation of the identical claims against Harris and Fiscus is barred by collateral estoppel. "Under the doctrine of collateral estoppel (also known as issue preclusion), once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *See, Our Country Home Enters., Inc. v. Comm'r of Internal Revenue*, 855 F.3d 773, 782 (7th Cir. 2017) (internal citations omitted). Collateral estoppel constraints, as a matter of federal law, apply only when "(1) the issue sought to be precluded [is] the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must [have been] fully represented in the prior action." *Grede v. FCStone, LLC*, 867 F.3d 767, 776 (7th Cir. 2017) (*quoting Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011)) (citation omitted).

Courts in the Seventh Circuit have applied collateral estoppel to the re-litigation of claims that were previously determined to not be properly exhausted. *See, e.g., Medford v. Smith*, 2019 WL 6531125 at *4 (S.D. Ill. 2019) (applying collateral estoppel to the second of two parallel cases where in the first case a District Judge had already determined that the inmate had not filed *any* adequate grievances at the jail about any issue); *Shaffer v. Kraemer*, 2021 WL 5113986 at * 3 (S.D. Ind. Nov. 3, 2021) (finding that an inmate's claims in a second lawsuit were barred by collateral estoppel where his previous case was dismissed for unsuccessful completion of administrative remedies, and he had no evidence he made additional efforts to exhaust his claims

before filing a second lawsuit on the same issue that named two additional officers as defendants). The Seventh Circuit also found in *Jackson v. Murphy*, 468 Fed. App'x 616, 619 (7th Cir. 2012) that a court did not abuse its discretion by *sua sponte* applying collateral estoppel on the issue of exhaustion where the repetition of the same affirmative defense was easy to anticipate, the parties were the same, and a final judgment was already reached on the issue.

Plaintiff pointed this Court directly to the dismissal of his prior lawsuit in the filing of the present complaint.  He freely admitted that his previous case was dismissed for failure to exhaust administrative remedies.  Plaintiff does not provide any facts or allegations that anything has changed about the exhaustion of his claim against Harris and Fiscus from the June 26, 2023, dismissal for failure to exhaust administrative remedies until his filing of this lawsuit.  While there certainly *could* be scenarios where an inmate's case is dismissed for failure to exhaust, and he later returns to court with properly exhausted claims, this is not such a case.  *See e.g., Robinson v. Sherrod*, 631 F.3d 839, 843 (7th Cir. 2011) (finding that the dismissal of a habeas petition as the wrong procedural vehicle for a conditions of confinement claim would not bar a later *Bivens* lawsuit about the same issue because collateral estoppel would only bar litigation of something on the same grounds that the habeas petition was already dismissed).

In the June 26 Order in the previous case, the Court determined that Plaintiff had filed two grievances that were potentially relevant to his claim against Harris and Fiscus, but he failed to properly exhaust either of those grievances because after getting the counselor's response he sent them straight to the ARB.  *Robinson v. Harris*, Case No. 21-cv-344 (Doc. 46 at 8-11).  Plaintiff resubmitted those grievances at his prison once they were returned from the ARB, but there was no evidence he ever re-submitted them to the ARB.  *Id.*  Based on these findings, which appear unchanged, Plaintiff still has the same exhaustion problem in this case that he faced in the last

case. It would be a waste of judicial resources, and an undue burden on the defendants to require re-litigation of this issue in this lawsuit, filed less than two months after the dismissal of the previous suit. Therefore, the Court finds that collateral estoppel bars Plaintiff from re-litigating Claim 1 against Defendants Fiscus and Harris, and this claim is dismissed as frivolous.

Next, Plaintiff attempts to add a claim against Wexford for failing to train Fiscus and Harris about how to respond if they accidentally give a patient the wrong prescription medication. This claim lacks any factual elaboration that makes it obvious that Wexford has some kind of lack of policy or training. Instead, Plaintiff makes a threadbare assertion that Wexford should be liable for a failure to train because of the actions of two defendants on a single occasion.

Wexford acts under color of state law by contracting to perform a government function, i.e., providing medical care to correctional facilities, so it is treated as a government entity for purposes of Section 1983 claims. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 fn.6 (7th Cir. 2002); *but see Shields v. Illinois Department of Correction*, 746 F.3d 782, 790 (7th Cir. 2014) (finding "substantial grounds to question the extension of the Monell holding for municipalities to private corporations"). Defendants, including private corporations, are not vicariously liable under 42 U.S.C.§ 1983 for the alleged misdeeds of their employees. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). Therefore, to state a cognizable deliberate indifference claim against Wexford, the plaintiff must allege that he suffered a constitutional deprivation as the result of an express policy or custom of Wexford. A failure to train may rise to the level of an official government policy under section 1983, *Connick v. Thompson*, 563 U.S. 51 (2011), but there must be some evidence that Wexford knew of a risk due to a lack of training and failed to respond to it, *see, e.g., Chatman v. Davis*, 839 F.3d 679, 685-86 (7th Cir. 2016) (finding that there was no evidence that

a nurse's lack of knowledge about asthma attack responses was due to a practice or custom by Wexford).

Here, Plaintiff's allegation that Wexford failed to train Fiscus or Harris and thus caused his injury is threadbare. He does not explain what policy, custom, or practice gave rise to the lack of training, nor does explain how Wexford might have known of the risk presented by any such issue. Instead, his claim reads like an attempt to hold Wexford vicariously liable for Fiscus and Harris's actions, and *respondeat superior* liability is not a path to recovery against Wexford.

Additionally, the Court notes that this claim appears to be time-barred. The applicable statute of limitations period for actions brought pursuant to 42 U.S.C. § 1983 is a state's period for personal injury torts. *See Kalimara v. Ill. Dept. of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989). In Illinois, where the events in Plaintiff's complaint occurred, that period is two years. *See Woods v. Illinois Dept. of Children and Family Svcs.*, 710 F.3d 762, 765-766 (7th Cir. 2013); 735 ILCS § 5/13-202. Illinois recognizes equitable tolling of the two-year period for an inmate to pursue administrative exhaustion of a claim at the institutional level. *See Terry v. Spencer*, 888 F.3d 890, 894 (7th Cir. 2015). A court may *sua sponte* dismiss a case at § 1915A review if the applicability of the statute of limitations is "so plain from the language of the complaint…that it renders the suit frivolous." *Id.* at 894; *Dickens v. Illinois*, 753 Fed. App'x 390 (7th Cir. 2018) (a court may dismiss a complaint upon screening if it is clearly barred by the statute of limitations). Plaintiff had the improper dose of medication on September 26, 2019, but he did not file this claim against Wexford until August 1, 2023.[2] He gives no explanation for the long lapse from his alleged injury to the

---

[2] The Court notes that Plaintiff also tried to include the failure-to-train claim against Wexford in his prior litigation, via an April 12, 2022, Amended Complaint, but the claim was deemed insufficiently pled on June 7, 2022, by District Judge Stephen McGlynn. *Robinson v. Harris, et al.*, 21-cv-344 (June 7, 2022 Order, docket entry 16).

filing of this claim, almost four years later.  Without a plausible explanation for the four-year delay from Plaintiff's injury to his presentation of this claim against Wexford, the claim is time-barred.

Finally, Plaintiff alleges that C. Andrews failed to follow § 504.830(e) of the Illinois Administrative Code when reviewing his grievances about this issue, and L. Livingston included incorrect or misleading information in a grievance response about the same.  A violation of a prison policy or state law does not give rise to a § 1983 claim, so the allegation against C. Andrews is insufficient to state a claim.  *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (§ 1983 protects plaintiffs from constitutional violations, not violations of state laws or departmental regulations). What is more, an error with the processing of a grievance does not give rise to a § 1983 claim where there is no allegation that the official who processed the grievance caused or participated in the underlying constitutional violation.  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (mishandling of grievances by those who did not cause or participate in a constitutional violation states no claim).  Thus, Plaintiff has failed to state a valid claim against Andrews or Livingston. And, even if there was some potential theory against these two, such a claim would also be subject to the statute of limitations as described in relation to Wexford.

One final issue requires attention.  Plaintiff alleges that his complaint should get the benefit of equitable tolling—but he does not explain how or why tolling might apply to his claims.  In general, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Those circumstances must be both extraordinary and beyond the litigant's control. *Menominee Indian Tribe of Wisconsin v. U.S.*, 577 U.S. 250, 257 (2016).  Plaintiff's mention of equitable tolling is threadbare, and he has not provided any facts that even remotely suggest he was somehow prevented from filing his claims

prior to August of 2023. Threadbare legal assertions are not sufficient to carry the day where there is no plausible suggestion that the facts might support the identified theory. Here, it simply seems that Plaintiff was disappointed after his case was dismissed for failure to exhaust administrative remedies, so he has tried to revive his suit by adding claims. This effort falls flat. Accordingly, equitable tolling does not save the case.

For all of the foregoing reasons, the Court finds that Plaintiff has failed to state a valid, timely, or properly exhausted claim in relation to his single dose of improper medication in September of 2019. The Court gives leave to file amended pleadings freely, but it does not need to give leave or "solicit more litigation spontaneously" where it is not apparent what claim a plaintiff might substitute for those that already failed. *See e.g. Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile). Here, Plaintiff will be given an opportunity to amend his complaint, because he is a pro se litigant and he is afforded broad deference when attempting to present his claims. However, if he is convinced that he cannot file a valid claim based on the issues identified in this Order, he may also opt to voluntarily dismiss this case to avoid incurring a strike under 28 U.S.C. § 1915(g).[3]

An amended complaint will completely replace the earlier complaints. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Failure to submit an amended complaint on time could result in the dismissal of this entire lawsuit for failure to state a

---

[3] 28 U.S.C. § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

claim or failure to prosecute.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1056-57 (7th Cir. 1997) (dismissal is allowed for failure to comply with a court order); 28 U.S.C. § 1915A.

## DISPOSITION

Plaintiff's complaint is dismissed without prejudice for the reasons identified above, which include collateral estoppel, failure to state a claim, and the applicable statute of limitations. Plaintiff shall have 30 days to file an amended complaint, or to move to withdraw this lawsuit, failing which this case may be dismissed.

**IT IS SO ORDERED.**

Dated: November 14, 2023

<u>**/s/ Reona J. Daly**</u>
**Reona J. Daly**
**United States Magistrate Judge**